**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/15
```

-----------------------------------------------------------X

TODD OKIMOTO, Derivatively and On        :
Behalf of Nominal Defendant LONGWEI       :
PETROLEUM INVESTMENT                       :
HOLDING LIMITED,                           :
                                           :
         Plaintiff,                       :
                                           :        13 Civ. 4494 (RMB)
                                           :
    -against-                            :
                                           :        **DECISION & ORDER**
YOUNGJUN CAI; JAMES CRANE;                  :
MICHAEL TOUPS; YONGPING XUE;                :
DOUGLAS COLE; GERALD DECICCIO;              :
DORA DONG; CHILD, VAN WAGONER               :
& BRADSHAW, PLLC; and ANDERSON              :
BRADSHAW, PLLC,                             :
                                           :
         Defendants.                   :
-----------------------------------------------------------X

Having reviewed the record herein, including, but not limited to, (i) the Amended

Shareholder Derivative Complaint, dated October 23, 2014, in which Plaintiff Todd Okimoto

("Plaintiff"), a stockholder of Longwei Petroleum Investment Holding Limited ("Longwei"),

alleges that "from May 17, 2010 to January 3, 2013," Defendants Youngjun Cai, James Crane,

Michael Toups, Yongping Xue, Douglas Cole, Gerald DeCiccio, and Dora Dong "breached their

fiduciary duties [as directors and/or officers of Longwei] by . . . knowingly and substantially

participating or acquiescing in the issuance of public documents and statements . . . that were

materially false and misleading." (Amended Shareholder Deriv. Compl., dated Oct. 23, 2014

("Compl."), ¶ 138.)  Plaintiff also alleges that Defendants Child, Van Wagoner & Bradshaw,

PLLC and Anderson Bradshaw, PLLC ("Auditor Defendants"), as Longwei's outside auditors,

"knew, and aided and abetted, the . . . issuance of . . . materially false and misleading financial

statements throughout the Relevant Period." (Id. ¶ 146); **(ii)** Defendants Toups, Cole and

DeCiccio's ("Individual Defendants") letter motion to dismiss, dated November 6, 2014, (Letter

from David Nemecek, Jr. to Hon. Richard M. Berman, dated Nov. 6, 2014 ("Individual Defs.

Mot."), at 1. ) [1]; **(iii)** the Auditor Defendants' letter motion to dismiss, dated December 12, 2014,

(Letter from Mary Ann May to Hon. Richard M. Berman, dated Dec. 12, 2014 ("Auditor Defs.'

Mot."), at 1–2); **(iv)** Plaintiff's letter opposition to the Individual Defendants' motion, dated

December 4, 2014, (Letter from Kevin Chan to Hon. Richard M. Berman, dated Dec. 4, 2014

("12/4/14 Opp'n."), at 2); **(v)** Plaintiff's letter opposition to the Auditor Defendants' motion,

dated January 22, 2015, (Letter from Kevin Chan to Hon. Richard M. Berman, dated Jan. 22,

2015 ("1/22/15 Opp'n."), at 2); and **(vi)** applicable legal authorities, **the Court hereby denies**

**the Individual Defendants and the Auditor Defendants' respective motions to dismiss, as**

**follows:**[2]

## I.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In

resolving a motion to dismiss, the Court must "construe the Complaint liberally, accepting all

factual allegations in the Complaint as true, and drawing all reasonable inferences in plaintiff's

favor." Galiano v. Fid. Nat'l Title Ins. Co., 684 F.3d 309, 311 (2d Cir. 2012).

---

[1] Defendants Cai, Crane, Dong, and Xue have been served but have not appeared in this action.

[2] Any issues raised by the parties not specifically addressed herein were considered by the Court
on the merits and rejected.

2

Under Colorado law, a shareholder filing a derivative claim must make a pre-complaint demand upon both the corporation's board of directors **and** upon its shareholders, unless such demand would be "futile." Bell v. Arnold, 175 Colo. 277, 282 (1971)

"Because a choice of law analysis is fact intensive, courts often decline to make a choice of law determination at the motion to dismiss stage." Smith v. Railworks Corp., No. 10 Civ. 3980, 2011 WL 2016293, at *6 n.12 (S.D.N.Y. May 17, 2011)

## II.    Individual Defendants' Motion

The Individual Defendants argue that the Complaint "fails to allege that demand was ever made upon the shareholders of Longwei to redress the wrongs alleged in the Amended Complaint, or . . . facts demonstrating that making such a demand must be excused by the Court." (Individual Defs. Mot. at 1.) Plaintiff responds that "Defendants cite no law . . . to support their contention that demand on Longwei's shareholders is necessary under [Federal Rule of Civil Procedure] 23.1" and "[i]n any event, the Amended Complaint sufficiently demonstrates that Plaintiff's demand on Longwei shareholders . . . is futile under Colorado law." (12/4/14 Opp'n. at 2.)

Preliminarily, the Court finds that Colorado law determines whether Plaintiff was required to make a demand upon Longwei's shareholders. See Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 101 (1991) ("Because the contours of the demand requirement—when it is required, and when excused—determine who has the power to control corporate litigation, we have little trouble concluding that this aspect of state law relates to the allocation of governing powers within the corporation."); Cordts-Auth v. Crunk, LLC, 815 F. Supp. 2d 778, 793 ("There are two components to the demand requirement; one procedural, the other substantive . . . While Rule 23.1 governs the procedural aspects of the demand requirement, the second, substantive

3

dimension of the demand requirement, which concerns the adequacy of the efforts actually put forth by a plaintiff, is governed by state law.").

Under Colorado law, a shareholder filing a derivative claim must make a pre-complaint demand upon both the corporation's board of directors **and** upon its shareholders. Bell v. Arnold, 175 Colo. 277, 282 (1971) ("[T]he stockholder must then make demand upon and seek relief from the stockholders of the corporation."). Plaintiff does not allege that he made any such demand upon Longwei's shareholders.

Colorado law also provides an exception to the shareholder demand requirement where such a demand would be futile, i.e., where "the majority shareholders who have the ability to cause the . . . company to seek relief are the very persons alleged to have committed the wrongs sought to be remedied." Neusteter v. District Court, 675 P.2d 1, 7 (Colo. 1984). Plaintiff's Complaint (in a section titled "Demand Futility Allegations") states the following: "As of[] the filing of the Company's 2012 Proxy Statement, Defendant[s] Cai and Y. Xue each beneficially own approximately 33% of the Company's common stock. Collectively, they are beneficially owners of about two-thirds of the Company." (Compl. ¶ 176.) In light of these allegations, "[t]he futility of seeking the desired action from the alleged wrongdoers is patent; under such circumstances, efforts to obtain action by the directors and shareholders are not necessary, and the allegations of wrongdoing themselves adequately establish the reasons for not making the effort to obtain corporate action." Neusteter, 675 P.2d at 7.

Accordingly, the Individual Defendants' motion to dismiss is denied.

4

## III.   Auditor Defendants' Motion

The Auditor Defendants' argument is based principally upon Kirschner v. KPMG LLP, 938 N.E.2d 941 (N.Y. 2010), which held that "the doctrine of in pari delicto bar[s] a derivative claim under New York law where a corporation sues its outside auditor for professional malpractice or negligence based on the auditor's failure to detect fraud committed by the corporation." Kirschner, 938 N.E.2d at 949. (See Auditor Defs.' Mot. at 1.)  Plaintiff responds that "the application of the in pari delicto doctrine is governed by Colorado and not New York law" and that Colorado law provides for an "'adverse interest' exception to the in pari delicto defense."  (1/22/15 Opp'n. at 2.)

The doctrine of in pari delicto prohibits one party from suing another where the plaintiff was "an active, voluntary participant in the unlawful activity that is the subject of the suit." Pinter v. Dahl, 486 U.S. 622, 636 (1988).  Whether, as the Auditor Defendants suggest, the doctrine bars Plaintiff's "aiding and abetting" claim against the Auditor Defendants depends upon whether the alleged misrepresentations by Longwei's officers and directors are imputed to Longwei, rendering Longwei "an active, voluntary participant in the [alleged] unlawful activity." See In re MF Global Holdings Ltd. Inv. Litigation, 998 F. Supp. 2d 157, 189 (S.D.N.Y. 2014).

The laws of New York and Colorado appear to differ with respect to this question.  Under New York law, "[t]he traditional principle that a corporation is liable for the acts of its agents and employees applies with full force to the in pari delicto analysis," subject to a narrow "adverse interest" exception in cases where the corporation's employee engaged in "outright theft or looting or embezzlement."  Id. (citing Kirschner, at 950–51.); Kirschner, 938 N.E.2d at 952 ("To come within the exception, the agent must have totally abandoned his principal's interests and be acting entirely for his own or another's purposes.").  Thus, under New York

5

law, the alleged misconduct by Longwei's officers and directors ("misrepresentations and omissions," rather than "looting or embezzlement") would likely be imputed to Longwei and Plaintiff's derivative claim on behalf of Longwei against the Auditor Defendants would likely be barred.  See Kirschner, 938 N.E.2d at 949 ("[T]he doctrine of in pari delicto bar[s] a derivative claim under New York law where a corporation sues its outside auditor for professional malpractice or negligence based on the auditor's failure to detect fraud committed by the corporation."); MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP, No. 14–cv–2197, 2014 WL 3402602, at *3 (S.D.N.Y. July 9, 2014) ("[U]nder Kirschner, the in pari delicto doctrine prevents a corporation's trustee from suing the corporation's auditor for negligence where the auditor negligently failed to detect illegal conduct committed by the corporation's employees.").

By contrast, Colorado law does not appear to limit the "adverse interest" exception to "theft or looting or embezzlement." In re MF Global Holdings, 998 F. Supp. 2d at 189.  Rather, Colorado law extends the exception to instances of fraud-related misconduct, which Plaintiff alleges in this case.  See In re Stat–Tech Sec. Litig., 905 F. Supp. 1416, 1422 (D. Colo. 1995) (concluding that corporation's employees "acted adversely to the interest of [the corporation]" when they made misrepresentations in corporate filings); Bock v. American Growth Fund Sponsors, Inc., 904 P.2d 1381, 1384 (Colo. App. 1995) ("An exception to the general rule occurs when the officer or agent has an interest adverse to the corporation or is committing a fraud on the corporation."). (See Compl. ¶ 30 ("Thus, the Individual Defendants had the opportunity to, and did, commit the fraudulent acts alleged herein.").)

Thus, there appears to be a conflict of law with respect to the application of the in pari delicto doctrine to Plaintiff's aiding and abetting claim against the Auditor Defendants.  In

6

making choice of law determinations in diversity jurisdiction cases, "it is well settled that a federal court must look to the choice of law rules of the forum state," in this case New York. Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998). Where, as here, a plaintiff's claim sounds in tort, "New York courts apply an 'interests analysis,' under which the law of the jurisdiction having the greatest interest in the litigation is applied." Id. Plaintiff argues (unpersuasively) that, under New York choice of law rules, "[a] claim of aiding and abetting a breach of fiduciary duty is governed by the law of the state of incorporation." (1/22/15 Opp'n. at 2.) Although the Second Circuit has not directly addressed which New York choice of law rule governs a claim of aiding and abetting a breach of fiduciary duty, the Court is persuaded by the reasoning in several cases in this District that the law of the jurisdiction having the greatest interest should apply. See e.g., LaSala v. Bank of Cyprus Public Co. Ltd., 510 F. Supp. 2d 246, 266 n.7 (S.D.N.Y. 2007) (Haight, J.) ("Thus, normal interest analysis is appropriate even for plaintiffs' aiding and abetting claim."); Cromer Fin. Ltd. v. Berger, No. 00 Civ. 2284, 2003 WL 21436164, at *8 (S.D.N.Y. June 23, 2003) (Cote, J.) ("This Court has held that, as the forum in which the primary tort occurred, New York has the greatest interest in applying its law to the claim of aiding and abetting fraud."); Granite Partners, L.P. v. Bear, Stearns Co., 17 F. Supp. 2d 275, 306 (S.D.N.Y. 1998) (Sweet, J.); Solow v. Stone, 994 F. Supp. 173, 177 (S.D.N.Y. 1998) (Mukasey, J.).

In determining which jurisdiction has the greatest interest in the litigation, courts consider, among other things, "[t]he contacts of the parties and occurrences with each jurisdiction . . . together with the policies underlying each jurisdiction's rules, the strength of the governmental interests embodied in these policies, and the extent to which these interests are implicated by the contacts." Finance One Pub. Co. v. Lehman Bros. Special Fin., Inc., 414 F.3d 325, 337 (2d Cir. 2005). The interest analysis is "fact intensive and flexible," and not susceptible

to resolution without adequate discovery. <u>Abu Dhabi Inv. Authority v. Citigroup, Inc.</u>, No. 12 Civ. 283, 2013 WL 789642, at *6 (S.D.N.Y. Mar. 4, 2013) (quoting <u>Cooney v. Osgood Mach., Inc.</u>, 81 N.Y.2d 66, 72 (1993)).

The Court is unable to determine, based upon the facts alleged in Plaintiff's Complaint and without any discovery, whether New York or Colorado—or another state—has the greatest interest in the litigation of Plaintiff's aiding and abetting claim against the Auditor Defendants. <u>See</u> <u>In re Jesup & Lamont, Inc.</u>, 507 B.R. 452, 476 (S.D.N.Y. 2014) ("On these facts, it is impossible to determine whether Rabinovici's location in New York would make New York the jurisdiction with the greatest interest in the litigation."). For example, it is unclear from the Complaint where the acts giving rise to Plaintiff's claim against the Auditor Defendants took place. (<u>See</u> Compl. ¶ 143 ("Defendant Toups again touted the Auditor Defendants' field work in China . . . .").) <u>See also</u> <u>Granite Partners, L.P. v. Bear, Stearns & Co. Inc.</u>, 17 F. Supp. 2d 275, 306 n.16 (S.D.N.Y. 1998) ("New York law controls the plaintiff's claim for aiding and abetting the breach of fiduciary duty because the acts giving rise to the claim took place, in significant part, in New York."); <u>Solow v. Stone</u>, 994 F. Supp. at 177 ("In this case, it appears that the acts giving rise to the aiding and abetting and tortious interference claims took place, in significant part, in New York."). While the Complaint alleges that "a substantial portion of the transactions and wrongs complained of herein—including the Individual Defendants' preparation and/or dissemination of false or misleading information—occurred in this district," this allegation, on its face, applies to the Individual Defendants, not necessarily the Auditor Defendants. (Compl. ¶ 10.) Indeed, it appears from the Complaint that the Auditor Defendants have their principal places of business in the State of Utah. (Compl. ¶¶ 51, 75, 106 (quoting Auditor Defendants'

8

reports to Longwei's board of directors signed "Child, Van Wagoner & Bradshaw, PLLC, Salt

Lake City, Utah" and "Anderson Bradshaw PLLC, Salt Lake City, Utah").)

Without more detailed fact-based analysis regarding the locus of the Auditor Defendants'

alleged misconduct, the Court declines to make a choice of law determination at this time. Smith

v. Railworks Corp., No. 10 Civ. 3980, 2011 WL 2016293, at *6 n.12 (S.D.N.Y. May 17, 2011)

("Because a choice of law analysis is fact intensive, courts often decline to make a choice of law

determination at the motion to dismiss stage.").

Accordingly, the Auditor Defendants' motion to dismiss is denied.

## IV.     Conclusion & Order

**For the foregoing reasons, the Individual Defendants and Auditor Defendants'**

**motions to dismiss (# 76 and # 86) are denied.**

The parties are requested to appear for a status/settlement conference on June 17, 2015 at

11:30 a.m.

Dated: New York, New York
       May 21, 2015

**RICHARD M. BERMAN, U.S.D.J.**

9